IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

|   |   |
|---|---|

v.

VICTOR MARSHALL, et al.

                              Defendants.
_____

**REPORT,
RECOMMENDATION
and ORDER**

11-CR-00381-RJA-JJM

          Defendants are charged with drug and firearms-related offenses in an indictment

dated December 13, 2011 [1].[1]  Before me is the motion of defendant Alexy Diaz seeking various

forms of relief, including suppression of evidence and statements [77], and the unopposed

motion of defendant Victor Marshall to join in defendant Diaz's motion [123]. The motions have

been referred to me by Hon. Richard J. Arcara for initial consideration [5]. At oral argument on

November 6, 2012, counsel for defendant Diaz acknowledged that, with the exception of his

request for suppression, all other aspects of his motion are moot in light of the government's

response.

          Defendant Marshall's motion for joinder, being unopposed, is granted; and for the

following reasons, I recommend that defendant Diaz's motion for suppression be denied.


                              **BACKGROUND**

          Defendant Diaz was arrested on November 22, 2011, following the discovery of

cocaine and firearms in an upper apartment at 1160 Kensington Avenue in the City of Buffalo.

---

          [1]          Bracketed references are to CM/ECF docket entries.

His attorney claims "[u]pon information and belief, [that] the government will allege that defendant made the following statement to Buffalo Police Detective Debra Buyers on November 22, 2011, 'They didn't have no search warrant (*sic*) when they went into my apartment. That's my apartment in the upper'." Penn. Declaration [77], ¶5; [77-1]. "[Defendant contends that this statement was involuntarily made in violation of the defendant's rights under the Fifth and Sixth amendments to the United States Constitution", and asks that the statement be suppressed. Penn. Declaration [77], ¶¶6, 7.

Defendant further argues "that the seizure of the cocaine, firearms, and other evidence violated his rights under the Fourth Amendment of the United States Constitution", and "requests that the fruits of the search of 1160 Kensington Avenue be suppressed". Id., ¶¶15, 16.

The government responds that in order to be entitled to an evidentiary hearing, "a defendant must, at a minimum, present his or her claims through in affidavit of an individual with personal knowledge of the relevant facts . . . . Since no affidavit has been filed by the defendant, the court has discretion to deny a hearing". Government's Response [97], p.11.

## ANALYSIS

### A. Suppression of Physical Evidence

"A defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched." United States v. Hemingway, 2007 WL 499470, *8 (W.D.N.Y. 2007) (Larimer, J.). "[The burden of establishing standing falls squarely upon the defendant . . . . This burden is met only by sworn evidence, in the form of an affidavit or testimony, from the defendant or someone with personal

knowledge." Hemingway, *8; United States v. Reed, 2007 WL 2903832, *3 (W.D.N.Y. 2007) (Arcara, J./McCarthy, M.J.), aff'd, 2011 WL 454708 (2d Cir. 2011) ( Summary Order), cert. denied, 131 S.Ct. 3007 (2011).

Defendant has not submitted an affidavit admitting that he stated that the apartment was his - instead, his attorney relies upon the government's assertion that defendant made that statement, along with the fact that "the government charged [him] under count 6 of the indictment with using and maintaining a premises (1160 Kensington Avenue) for the purpose of manufacturing, distributing and using a controlled substance". Pynn Declaration [77], ¶14.[2] However, "[a] defendant's unsworn assertion of the Government's representations does not meet [his] burden" to establish standing to contest the search. Hemingway, *8; Reed, *3.

Therefore, since defendant "has not submitted an affidavit from anyone with personal knowledge to establish standing, his motion should be denied". Reed, *3.[3]

**B.      Suppression of Statements**

According to defendant's attorney, "defendant contends that this statement was involuntarily made in violation of the defendant's rights under the Fifth and Sixth amendments to the United States Constitution". Pynn Declaration [77], ¶6. However, "an attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F.Supp.2d 22, 28 (S.D.N.Y. 2004). Moreover, "[i]f the defendant's request for a hearing is not accompanied by a sufficient specification of the factual basis for the

---

[2]      Actually, that charge is made in count 9 of the indictment [1].

[3]      Defendant Marshall likewise has not submitted an affidavit.

characterization [of the statement as involuntary], the district court is not required to hold a suppression hearing" (id.). *See also* <u>United States v. Mathurin</u>, 148 F.3d 68, 69 (2d Cir. 1998) ("A bald assertion that a statement was involuntary . . . could be based on any of a number of factual premises such as coercion, lack of *Miranda* warnings, or lack of competence. Without specification of the factual basis for such a characterization, the district court is not required to have a hearing").

**CONCLUSION**

For these reasons, defendant Marshall's unopposed motion for joinder [123] is granted, and I recommend that defendant Diaz's motion for suppression [77] be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by November 26, 2012 (applying the time frames set forth in Rules 45(a)(1)(C), 45(c), and 59(b)(2)).  Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".   <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b)(2) of this Court's Local Rules of Criminal Procedure, "[written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each

objection, and shall be supported by legal authority", and pursuant to Local Rule 59(b)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

DATED: November 9, 2012

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge