UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXY DIAZ,

           Movant,

  -vs-

UNITED STATES OF AMERICA,

           Respondent.

**DECISION AND ORDER**

**Civil Case No.
1:16-cv-0323-MAT**

**Criminal Case No.
1:11-cr-0381-MAT**

---

**INTRODUCTION**

Alexy Diaz ("Diaz" or "Movant"), represented by counsel, has filed his first Motion to Correct the Sentence (Dkt #248) pursuant to 28 U.S.C. § 2255 ("Section 2255"). Diaz asserts that his sentence is unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("2015 Johnson").[1]

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 6, 2014, Diaz appeared before United States District Judge Richard J. Arcara and pled guilty to the offense of being in possession of a firearm/armed career criminal in violation of 18 U.S.C. §§ 922(g)(1), 924(e). At the sentencing hearing on February 27, 2015, Judge Arcara found Diaz to be an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e) ("Armed Career Criminal Act" or "ACCA") based upon certain findings in the Pre-Sentence Report

---

[1] "2015 Johnson" will distinguish this case from Johnson v. United States, 559 U.S. 133 (2010), which will be referred to herein as "2010 Johnson."

-1-

("PSR"). Specifically, Judge Arcara found that Movant had at least three qualifying prior convictions, namely, (1) a New York State conviction for attempted second-degree robbery, (2) a New York State conviction for third-degree robbery, and (3) a New York State conviction for attempted third-degree criminal possession of a controlled substance. See PSR ¶¶ 37, 46-48. Judge Arcara determined that the robbery convictions both qualified as "violent felonies" under the ACCA. After taking into account the downward departure based on United States Sentencing Guidelines ("USSG" or "Guidelines") § 5K1.1 and other relevant factors, Judge Arcara imposed a sentence of 100 months in the custody of the Bureau of Prisons.

Respondent has filed a Memorandum of Law in Opposition (Dkt #256) to the Section 2255 Motion. Movant filed a Reply (Dkt #259) based on the newly-decided Second Circuit case, United States v. Corey Jones, No. 15-1518-cr, ___ F.3d ___, 2016 WL 3923838 (2d Cir. July 21, 2016). Respondent filed a Sur-Reply (Dkt #261), and Movant filed a Supplemental Reply (Dkt #262). The matter was submitted on the papers on August 24, 2016.

On August 25, 2016, Respondent sent a letter (Dkt #264) to the Court indicating that it was withdrawing any reliance on the appeal waiver provision in Diaz's plea agreement as a defense to the § 2255 Motion, and emphasizing that its withdrawal of the defense was specific to Diaz's case.

For the reasons discussed below, the Court grants the relief requested in the Section 2255 Motion.

## DISCUSSION

### I. The ACCA's Residual Clause

For a federal defendant who has at least three prior convictions "for a violent felony, or a serious drug offense, or both," the ACCA increases his or her sentence from a statutory maximum of ten years to a statutory minimum of fifteen. 18 U.S.C. § 924(e)(1). Under the ACCA, a prior conviction qualifies as a "violent felony" if it is "punishable by imprisonment for a term exceeding one year" and it:

> (i) [h]as as an element the use, attempted use, or threatened use of physical force against another [i.e., the force clause]; or
> (ii) [i]s burglary, arson, extortion, involves the use of explosives [i.e., enumerated offenses] *or otherwise involves conduct that presents a serious potential risk of physical injury to another* [i.e., the residual clause].

18 U.S.C. § 924(e)(2)(B) (emphasis supplied).

On June 26, 2015, the Supreme Court held that the residual clause referenced in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally void for vagueness in all applications. 2015 Johnson, 135 S. Ct. at 2562-63. Therefore, in order for an offense to constitute a "violent felony," it must qualify either as an enumerated offense specified in § 924(e)(2)(B)(ii), or qualify under § 924(e)(2)(B)(i)'s force clause. Recently, the Supreme Court held that 2015 Johnson announced a new substantive rule that

applies retroactively to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016).

**II. Overview of the Parties' Contentions**

Movant posits that his robbery offenses *only* qualify as ACCA "violent felonies" under the residual clause voided by 2015 Johnson, and therefore his Armed Career Criminal sentence is unconstitutional. See 28 U.S.C. § 2255(a) (permitting relief where, inter alia, "the sentence was imposed in violation of the Constitution or laws of the United States" and "the sentence was in excess of the maximum authorized by law"). Respondent argues that Movant does not have a viable claim under 2015 Johnson, because his "robbery convictions were long held to be violent felonies under the force clause of § 924(e) and not the residual clause," and therefore there remains a constitutional basis for imposing an Armed Career Criminal sentence. According to Respondent, because 2015 Johnson did not invalidate the force clause, that case "ha[s] nothing to do with [M]ovant's sentence[,]" and Movant cannot rely on it for relief. See Resp't Sur-Reply at 9 (Dkt #261); see also id. at 6-7 (collecting cases).

**III. Movant's Prior Convictions**

    **A.   The Third-Degree Robbery Conviction**

Diaz was convicted of third-degree robbery under New York Penal Law ("P.L.") § 160.05, which provides that "[a] person is guilty of robbery in the third degree when he forcibly steals

property." N.Y. PENAL LAW § 160.05. "Robbery" is not an enumerated offense under the ACCA. See 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, in order for Movant's third-degree robbery conviction to qualify as a violent felony, it must fit within the force clause of the ACCA, which requires it to have, as "an element[,] the use, attempted use, or threatened use of *physical force* against another[.]" 18 U.S.C. § 924(e)(2)(B)(i) (emphasis supplied). Interpreting the ACCA in 2010 Johnson, the Supreme Court stated that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means *violent* force—that is, force capable of causing physical pain or injury to another." 2010 Johnson, 559 U.S. at 140 (emphasis in original). "Correspondingly, force that is not 'capable of causing physical pain or injury to another,' i.e. less-than-'violent,' cannot qualify a crime as a violent felony for use as an ACCA predicate." Jones, 2016 WL 3923838, at *3 (quoting 2010 Johnson, 559 U.S. at 140; internal citation omitted). Thus, the question the Court must answer is whether a defendant who "forcibly steals property" necessarily uses "force capable of causing physical pain or injury to another[,]" 2010 Johnson, 559 U.S. at 140.

New York's robbery statute defines "forcible stealing" as follows:

> the use[] or threaten[ed] [] immediate use of physical force upon another person for the purpose of:
>
> 1. Preventing or overcoming resistance to the

>            taking of the property or to the retention
>            thereof immediately after the taking; or
>    2.      Compelling the owner of such property or
>            another person to deliver up the property or
>            to engage in conduct which aids the
>            commission of the larceny.

N.Y. PENAL LAW § 160.00. While robbery under New York law does contain an element of force, the statutory definition quoted above makes clear that "violent physical force," as contemplated by 2010 Johnson, is not a necessary component of the crime. This point is further illustrated by New York's decisional law. See, e.g., People v. Bennett, 631 N.Y.S.2d 834, 834 (1st Dep't 1995) ("Defendant's guilt was proven by legally sufficient evidence that he and three others formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket, allowing the robber to get away. The requirement that a robbery involve the use, or the threat of immediate use, of physical force (Penal Law § 160.00) does not mean that a weapon must be used or displayed or that the victim must be physically injured or touched[.]") (citation omitted).

Last month, the Second Circuit considered whether first-degree robbery in New York, defined in P.L. §§ 160.00 and 160.15, is a "crime of violence" under the Career Offender Guideline of the United States Sentencing Guidelines ("USSG" or "Guidelines"), see USSG § 4B1.2(a)(1). In so doing, the Circuit examined the relationship between USSG § 4B1.2(a)(1)'s definition of "crime of violence" and the ACCA's term, "violent felony," as

explicated by the Supreme Court in 2010 Johnson. See Jones, 2016 WL 3923838, at *2. Noting that in defining "crime of violence," USSG §-4B1.2(a)(1) "uses language identical to that in the ACCA's definition of 'violent felony[,]'" Jones 2016 WL 3923838, at *2, the Second Circuit held that 2010 Johnson's analysis of ACCA's term, "violent felony," applied to its analysis of the Career Offender Guideline's use of the term, "crime of violence." Id. The Circuit canvassed New York caselaw and found that the State courts uniformly have interpreted "forcible stealing," as used in the robbery statutes, so that "it does not always involve 'force capable of causing physical pain or injury to another,'" Jones, 2016 WL 3923838, at *5 (quoting 2010 Johnson, 559 U.S. at 140). In the end, the Second Circuit was "compelled to conclude in the wake of [2010] Johnson that a New York robbery conviction involving forcible stealing, absent other aggravating factors, is no longer necessarily a conviction for a 'crime of violence' within the meaning of the Career Offender Guideline." Jones, 2016 WL 3923838, at *5. Further, the Second Circuit found that the less-than-violent force which can satisfy some sections of the first-degree robbery statute does not become violent force as contemplated by 2010 Johnson, even if the perpetrator is armed with a deadly weapon. Jones, 2016 WL 3923838, at *5. The Supreme Court, in 2010 Johnson, confirmed that the focus of the inquiry under the ACCA's force clause is not the risk of injury, but the "nature of the force

employed." <u>Jones</u>, 2016 WL 3923838, at *6. Although possession of a deadly weapon increases the likelihood that a robbery defendant will injure a victim or third party, it does not have "any effect on the nature of the force that the robber exerts on the victim." <u>Id.</u> Thus, a defendant can be convicted of first-degree robbery under New York Penal Law § 160.15(2) "without necessarily using violent force," <u>Jones</u>, 2016 WL 3923838, at *6, and a first-degree robbery conviction obtained pursuant to this subsection cannot serve as a predicate "crime of violence" for a career offender enhancement. <u>Id.</u>

Because of "the substantial similarity between the ACCA's definition of 'violent felony' and the [Career Offender] Guidelines' definition of 'crime of violence,'" <u>id.</u> at *3, "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase." <u>United States v. Walker</u>, 595 F.3d 441, 443 n.1 (2d Cir. 2010) (internal quotation marks and alterations omitted). Therefore, although <u>Jones</u> dealt with the Guidelines' definition of "crime of violence," its holding necessarily applies in a case, such as this, where the defendant argues that his New York robbery conviction is not a "violent felony" under the ACCA.

As noted above, Diaz was convicted of third-degree robbery, which is committed simply by a defendant "forcibly steal[ing] property." N.Y. PENAL LAW § 160.05. Because the panel in <u>Jones</u>

explicitly ruled that the "forcible stealing" element contained in the statutes criminalizing all degrees of robbery in New York is not, by itself, sufficient to satisfy what the Supreme Court deems to be the nature of physical force necessary to satisfy the force clause under the ACCA, Diaz's third-degree robbery conviction is no longer a "violent felony" for purposes of the ACCA. See Jones, 2016 WL 3923838, at *5.

Respondent has cited several Second Circuit cases in support of its contention that Jones is not relevant to the Court's analysis. See United States v. Spencer, 955 F.2d 814, 820 (2d Cir. 1992) (holding that a first-degree robbery conviction in New York is a conviction for a "crime of violence" as that term is used in the Career Offender Guideline); Belk v. United States, 2016 WL 1587223, at *1-*2 (2d Cir. Apr. 19, 2016) (unpublished opn.) (citing United States v. Brown, 52 F.3d 415, 425-26 (2d Cir. 1995)). The Court declines to rely on them for several reasons.

First, Belk, 2016 WL 1587223, supra, is an unreported decision. See, e.g., Bd. of Mgrs of Soho Int'l Arts Condominium v. City of N.Y., No. 01 CIV.1226 DAB, 2003 WL 21403333, at *15 n. 20 (S.D.N.Y. June 17, 2003) ("Unreported or unpublished decisions, '[a]lthough entitled to respectful consideration,' have 'little (or no) precedential value.'") (quotation omitted; brackets in original). Furthermore, it preceded the Circuit's published decision in Jones. Second, Jones explicitly overruled Spencer. See

Jones, 2016 WL 3923838, at *2 (defendant was "correct" that its "holding in Spencer cannot survive the Supreme Court's analysis in [2010 Johnson]"). Third, even prior to Jones' explicit rejection of Spencer, the rationales of both Spencer and Brown had been implicitly overruled by 2010 Johnson. "Lower courts are bound by Second Circuit precedent 'unless it is expressly or implicitly overruled' by the Supreme Court or an en banc panel of the Second Circuit. Courts have interpreted this to mean that a decision of the Second Circuit is binding 'unless it has been called into question by an intervening Supreme Court decision or by one of the Second Circuit sitting in banc' or 'unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court, or the Second Circuit court in banc.'" F.D.I.C. v. Bear Stearns Asset Backed Securities I LLC, 92 F. Supp.3d 206, 213 (S.D.N.Y. 2015) (quotations and citations omitted); see also United States v. Ianniello, 808 F.2d 184, 190 (2d Cir. 1986), ("This court is bound by a decision of a prior panel unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court en banc."), abrogated on other grounds, United States v Indelicato, 865 F.2d 1370 (2d Cir. 1989).

Respondent also contends that it is improper for the Court to consider 2010 Johnson or Jones in determining whether Diaz was prejudiced by the ACCA's residual clause (i.e. whether the residual clause "harmed" him by causing him to be improperly designated an

-10-

Armed Career Criminal. It is true that 2010 Johnson and Jones were cases involving statutory interpretation. 2010 Johnson is not retroactive, and Jones dealt with a direct appeal. Accordingly, Respondent argues, the Court should not consider their holdings when determining whether Diaz was prejudiced so as to warrant habeas relief. However, both Supreme Court and Second Circuit precedent support the proposition that a court can and should apply current case law when determining whether a constitutional error was harmless or prejudicial in the habeas context. See Lockhart v. Fretwell, 506 U.S. 364, 371-72 (1993) (concluding that the prejudice prong of a § 2255 claim based on ineffective assistance of trial counsel may be made with the benefit of the law at the time the claim is litigated); Mosby v. Senkowski, 470 F.3d 515, 524 (2d Cir. 2006) ("[T]he Supreme Court has held that current law should be applied retroactively for purposes of determining whether a party has demonstrated prejudiced under Strickland's second prong."). "Moreover, and perhaps more importantly, considerations of public policy weigh strongly in favor of applying current law." United States v. Ladwig, ___ F. Supp.3d ___, 2016 WL 3619640, at *5 (E.D. Wash. 2016). As the district court in Ladwig cogently observed,

> An inquiry that requires judges to ignore intervening decisions that, to some degree, clear the mire of decisional law [created by 2015 Johnson] seems to beg courts to reach inconsistent results. Current case law has clarified the requisite analysis and applying that law should provide greater uniformity, helping to ensure

that like defendants receive like relief. Id. at *5. The Court agrees with the approach taken by Ladwig, which is soundly based on existing precedent and important policy concerns.

Finally, the Court rejects Respondent's contention that Diaz's claim is not actually based on 2015 Johnson. According to Respondent, the sentencing court did not rely on the ACCA's residual clause but instead relied on the force clause to find that Diaz's prior robbery convictions qualified as "violent felonies" under the ACCA. Even if the Court were to disregard Jones' and 2010 Johnson's impact on whether Diaz's robbery convictions can qualify under the force clause, this argument is unavailing. As Diaz notes, Respondent has not produced any documents to support its assumption about the sentencing court's rationale for finding that the robbery convictions were violent felonies for purposes of the ACCA enhancement. Notably, although the PSR characterizes Diaz's robbery convictions as "violent felonies," it does not specify under which clause of the ACCA (force clause or residual clause) these convictions qualify. See PSR, ¶ 37 (merely listing Diaz's prior robbery convictions as "violent felonies"). Respondent's argument therefore is purely speculative. Where, as here, it is unclear upon what portion of the "violent felony" definition the sentencing court relied, a defendant has "successfully demonstrated constitutional error simply by showing that the [c]ourt might have

relied on an unconstitutional alternative when it found [his] prior convictions for [robbery] . . . were violent felonies." Ladwig, 2016 WL 3619640, at *3.

Indeed, prior to 2015 Johnson, Diaz had no viable challenge to his predicate robbery convictions because, even if he could have established that robbery in New York did not qualify under the ACCA's force clause, his prior convictions for third-degree robbery and attempted second-degree robbery likely would have qualified under the residual clause. It is only as a result of 2015 Johnson's voiding of the residual clause that Diaz could "reasonably argue that he is no longer eligible for the ACCA enhancement." Ladwig, 2016 WL 3619640, at *4; see also United States v. Navarro, No. 2:10-CR-2104-RMP, 2016 WL 1253830, at *3 (E.D. Wash. Mar. 10, 2016) ("Prior to [2015] Johnson, Defendant's three 1998 first-degree robbery convictions, 2006 drive-by shooting conviction, and 2007 attempt to elude conviction could have been predicate 'violent felon[ies]' under the residual clause.") (citing Taylor v. United States, 495 U.S. 575, 600 n.9 (1990) ("The Government remains free to argue that any offense–including offenses similar to generic burglary–should count towards enhancement as one that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.'") (second brackets in original)).

**B.   Attempted Second-Degree Robbery**

As Movant argues, this Court's conclusion that his

third-degree robbery conviction is no longer a "violent felony" is sufficient to grant relief under 28 U.S.C. § 2255 motion(a), because an Armed Career Criminal enhancement requires *at least three* prior convictions for violent felonies. The Court therefore need not examine whether Diaz's conviction for attempted second-degree robbery under P.L. § 160.10(2) qualifies as a "violent felony" under the ACCA's force clause.

**CONCLUSION**

Under 28 U.S.C. § 2255, a movant is entitled to resentencing when his original sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Here, Diaz's 100-month sentence was imposed "in violation of the Constitution," id., because it was predicated on the residual clause, which has been held by the Supreme Court to be "unconstitutionally vague." 2015 Johnson, 135 S. Ct. at 2557. "[I]mposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563. Moreover, Movant's sentence is "in excess of the maximum authorized by law," 28. U.S.C. § 2255(a), since it is not predicated on the sufficient number of "violent felon[ies]" under the ACCA. Diaz is entitled to be resentenced on his underlying conviction without the ACCA enhancement.

The Court finds that resentencing by the original sentencing judge will best satisfy the requirements of due process in

accordance with Rule 11 of the Federal Rules of Criminal Procedure. The Court therefore will transfer this case to Judge Arcara, who originally sentenced Diaz.

### ORDERS

For the reasons discussed above, it is hereby

**ORDERED** that Alexy Diaz's Motion to Correct Sentence Under 28 U.S.C. § 2255 (Dkt #248) is **granted**; and it is further

**ORDERED** that this matter is immediately transferred to District Judge Richard J. Arcara for resentencing.

**IT IS SO ORDERED.**

                                              **S/ Michael A. Telesca**

                                              HONORABLE MICHAEL A. TELESCA
                                              United States District Judge

DATED:    August 30, 2016
          Rochester, New York