```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

```
 ALEXY DIAZ,
                                           DECISION AND ORDER
                Movant,                    Civil Case
                                           No. 1:16-cv-0323-MAT
       -vs-

 UNITED STATES OF AMERICA,                 Criminal Case
                                           No. 1:11-cr-0381-MAT
                Respondent.
```
_____

## INTRODUCTION

Alexy Diaz ("Diaz") filed a counseled Motion to Vacate the Sentence (Dkt #248) pursuant to 28 U.S.C. § 2255, asserting that his sentence under 18 U.S.C. § 924(e) ("ACCA") was unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015). On August 30, 2016, the Court granted Diaz's motion and transferred the matter to the original sentencing judge for re-sentencing. On September 13, 2016, Respondent filed a Motion for Reconsideration (Dkt #266), and the matter was transferred to the undersigned for consideration of the reconsideration motion.

Because of important liberty interest at stake in this matter, the Court has expedited consideration of Respondent's motion without requiring Diaz to submit responsive papers. As discussed below, Respondent has failed to assert any proper grounds for reconsideration. Its motion is accordingly denied.

## DISCUSSION

Respondent does not state under what authority it brings its Motion for Reconsideration, but the Court will presume that the motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P"). See, e.g., Stinson v. United States, No. 01-CR-6087-CJS, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Respondent argues that this Court erred in determining that the Supreme Court's 2015 Johnson decision, and its 2010 decision in Johnson v. United States, 559 U.S. 133 (2010), applied to Diaz's case. The Court has already considered and rejected Respondent's arguments. It is well-settled that "a motion to reconsider should not be granted where[,]" as here, "the moving party seeks solely to relitigate an issue already decided." Shrader, 70 F.3d at 257.

Respondent alternatively argues that the Court should stay Diaz's Section 2255 motion pending the Second Circuit's determination on its petition for panel rehearing in United States v. Corey Jones, _ F.3d _, 2016 WL 3923838 (2d Cir. July 21, 2016). The Court declines to do so.

## CONCLUSION

For the foregoing reasons, Respondent's Motion for

-2-

Reconsideration (Dkt #266) is denied in its entirety with prejudice. This matter is immediately transferred to District Judge Richard J. Arcara for resentencing.

**SO ORDERED.**

                                                      **S/ Michael A. Telesca**

                                            HONORABLE MICHAEL A. TELESCA
                                            United States District Judge

DATED:   September 28, 2016
             Rochester, New York