UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXY DIAZ,

               Movant,

    -vs-

UNITED STATES OF AMERICA,

               Respondent.

**DECISION AND ORDER**
**Civil Case**
**No. 1:16-cv-00323-MAT**

**Criminal Case**
**No. 1:11-cr-00381-MAT**

---

**INTRODUCTION**

Presently before the Court is Respondent's Second Motion for Reconsideration (Dkt #273). For the reasons discussed herein, the Court adheres to its original Decision and Order granting relief under 28 U.S.C. § 2255, and denies Respondent's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Alexy Diaz ("Diaz") filed a counseled Motion to Vacate the Sentence (Dkt #248) pursuant to 28 U.S.C. § 2255, asserting that his sentence under 18 U.S.C. § 924(e) ("ACCA") was unconstitutional based on Johnson v. United States, 135 S. Ct. 2551 (2015) ("2015 Johnson"). Diaz argued that because 2015 Johnson struck down Section 924(e)'s "residual clause," his prior New York convictions for attempted second-degree robbery and attempted third-degree robbery could not constitute "violent felonies;" hence, his ACCA sentence was unconstitutional. Diaz relied on a then-recent decision by the Second Circuit, United States v. Jones (Corey), 830 F.3d 142 (2d Cir. July 21, 2016), vacated by, 838 F.3d 296 (Mem)

(2d Cir. Oct. 3, 2016) ("Corey Jones"). In Corey Jones, the Second Circuit considered whether the defendant's New York conviction for first-degree robbery qualified under the "force clause" of the United States Sentence Guidelines ("the Guidelines") crime of violence definition, see U.S.S.G. § 4B1.2(a)(1).[1] After surveying New York state court decisions, the Second Circuit concluded that first-degree robbery under New York law is not a categorical "crime of violence" because the general element of "forcible stealing," present in all degrees robbery as defined in the New York Penal law, do not require the level of "violent" and "physical force" required by Johnson v. United States, 559 U.S. 133 (2010) ("2010 Johnson").

On August 30, 2016, this Court issued a Decision and Order (Dkt #265) granting Diaz's Section 2255 Motion and finding that his third-degree robbery conviction under New York law did not constitute a "violent felony" for purposes of the ACCA. The Court relied on Corey Jones as well as People v. Bennett, 219 A.D.2d 570, 570 (N.Y. App. Div. 1st Dep't 1995), to find that the "forcible stealing" element in the New York robbery statute does not satisfy 2010 Johnson's requirement of violent, physical force. The Court

---

[1] Because of the substantial similarity between the ACCA's definition of violent felony and the Guidelines' definition of crime of violence, "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase." United States v. Walker, 595 F.3d 441, 443 n.1 (2d Cir. 2010) (internal quotation marks and alterations omitted). Therefore, although Corey Jones dealt with the Guidelines' definition of "crime of violence," its holding necessarily applies in a case, such as this, where the defendant argues that his New York robbery conviction is not a "violent felony" under the ACCA.

-2-

also concluded that United States v. Spencer, 955 F.3d 814 (2d Cir. 1992), and United States v. Brown, 52 F.3d 415 (2d Cir. 1995), were implicitly overruled by 2010 Johnson.

On September 13, 2016, Respondent filed a Motion for Reconsideration (Dkt #266) arguing that this Court erred in determining that 2015 Johnson and 2010 Johnson applied to Diaz's case. The Court rejected Respondent's argument based on the well-settled principle that a motion to reconsider is not a vehicle for the losing party to relitigate an issue already decided. The Court also declined Respondent's alternative request to stay Diaz's Section 2255 motion pending the Second Circuit's determination on its petition for panel rehearing in United States v. Corey Jones, _ F.3d _, 2016 WL 3923838 (2d Cir. July 21, 2016). The Court denied Respondent's motion in a Decision and Order (Dkt #272) dated September 28, 2016.

On October 3, 2016, the Second Circuit panel in Corey Jones issued an order vacating its July 21, 2016 decision pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). The panel in Corey Jones had assumed, as had both parties in that case, that 2015 Johnson applied to Guidelines cases. However, in a decision issued March 6, 2017, the Supreme Court held that 2015 Johnson does not apply to cases brought under the Guidelines.

Respondent then filed a Second Motion for Reconsideration (Dkt #273) on October 4, 2016. At the parties' request, the Court issued an Order (Dkt #275) dated October 12, 2016, staying the Second Motion for Reconsideration pending the Supreme Court's issuance of a decision in Beckles. On March 30, 2017, Diaz filed a Response (Dkt #282) in Opposition to the Second Motion for Reconsideration, followed by a Memorandum in Opposition (Dkt #284) on April 12, 2017. Respondent filed a Reply Memorandum (Dkt #285) on April 14, 2017. Diaz filed a Sur-Reply (Dkt #286) on April 20, 20917. The matter was submitted on the pleadings on April 19, 2017. For the reasons discussed herein, Respondent's Second Motion for Reconsideration (Dkt #273) is denied.

## DISCUSSION

Respondent does not state under what authority it brings its Motion for Reconsideration, but the Court will presume that the motion is brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("F.R.C.P"). See, e.g., Stinson v. United States, No. 01-CR-6087-CJS, 2012 WL 5288758, at *1 (W.D.N.Y. Oct. 23, 2012). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).

Respondent here argues that Corey Jones was the sole basis upon which the Court granted Diaz's Section 2255 and, now that it has been vacated, the Court must reconsider its prior Decision and Order. The Court agrees with Diaz that the reasoning behind Corey Jones, remains valid, and that the other cases relied on by the Court remain as persuasive as when the Court granted Diaz's Section 2255 Motion.

As an initial matter, Corey Jones was vacated based on Beckles, not because the panel's reasoning regarding the whether robbery under New York law can be committed without 2010 Johnson-level force. Indeed, other district courts have continued to rely on Corey Jones' reasoning on this issue, notwithstanding its vacatur pending. As Diaz and these other courts have observed, Beckles does not address the issue of whether robbery under New York law can be committed without 2010 Johnson-level force, but rather only pertains to the more general issue of the continued constitutionality of Guidelines' "residual clause." See, e.g., Shabazz v. United States, No. 16-cv-1083, 2017 WL 27394 (D. Conn. Jan. 3, 2017) (recogizing vacatur of Corey Jones but relying on panel's reasoning to find that a robbery conviction under a Connecticut statute was not a "violent felony" under the ACCA; United States v. Johnson (Terrence), 15-CR-32(BMC), ___ F. Supp.3d ___, 2016 WL 6684211, at *6-7 (E.D.N.Y. Nov. 12, 2016) ("Terrence Johnson") (recognizing that Corey Jones had been vacated, but

relying on reasoning to find that third-degree robbery under New York law is not a "crime of violence"); United States v. Kelley, No. 16-CR-22 (W.D Va. Feb. 2, 2017), Sentencing Transcript (Dkt #284-1) at 21:13-21) (citing Corey Jones and Terrence Johnson with approval; finding that New York attempted robbery convictions were not "violent felonies" under the ACCA)). These cases reiterate the Court's previous conclusion that a person who "forcibly steals property" under New York Penal Law does not "necessarily use[ ] force 'capable of causing physical pain or injury to another.'" Terrence Johnson, 2016 WL 6684211, at *6 (quotation omitted); see also id. (stating that decisions from the intermediate appellate courts in New York "demonstrate that robbery in New York does not necessarily involve force 'capable of causing physical pain or injury to another,' as is required" under 2010 Johnson; citing, inter alia, People v. Bennett, 219 A.D.2d 570, 631 N.Y.S.2d 834 (1st Dep't 1995) (holding that the element of "forcible stealing" can be established by evidence that the defendant and three others "formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket, allowing the robber to get away"); People v. Safon, 166 A.D.2d 892, 893, 560 N.Y.S.2d 552 (4th Dep't 1990) (holding that "forcible stealing" established by evidence that "the store clerk grabbed the hand in which defendant was holding the money and the two tugged at each other until defendant's hand

slipped out of the glove holding the money"). This Court relied on Bennett, supra, in its original Decision and Order granting relief under Section 2255 to Diaz. Because this Court "has no other 'persuasive data' suggesting that the New York Court of Appeals would hold otherwise," Terrence Johnson, 2016 WL 6684211, at *7, the Court adheres to its holding that a conviction for robbery in the third degree under New York Penal Law § 160.05 does not qualify as a violent felony under the ACCA. See, e.g., Terrence Johnson, 2016 WL 6684211, at *7 (holding that a conviction for robbery in the third degree under New York Penal Law § 160.05 does not qualify as a crime of violence pursuant to U.S.S.G. § 4B1.2(a)(1)'s force clause).[2]

The Court has already considered and rejected Respondent's argument that Diaz's robbery convictions are not affected by 2015 Johnson because they qualify as "violent felonies" under the ACCA's force clause. Nothing in the record establishes that the sentencing judge qualified Diaz's robbery convictions under the ACCA's force clause as opposed to the residual clause, as Respondent apparently assumes. As the Court previously noted, "[w]here, as here, it is unclear upon what portion of the 'violent felony' definition the sentencing court relied, a defendant has 'successfully demonstrated

---

[2] As noted above, because of the substantial similarity between the ACCA's definition of violent felony and the Guidelines' definition of crime of violence, "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase." Walker, 595 F.3d at 443 n.1 (internal quotation marks and alterations omitted).

constitutional error simply by showing that the [c]ourt might have relied on an unconstitutional alternative when it found [his] prior convictions for [robbery] . . . were violent felonies.'" (Decision & Order (Dkt #265) at 12-13 (quotation omitted). Moreover, as the Court previously determined, prior to 2015 Johnson, Diaz had "no viable challenge to his predicate robbery convictions because, even if he could have established that robbery in New York did not qualify under the ACCA's force clause, his prior convictions for third-degree robbery and attempted second-degree robbery likely would have qualified under the residual clause. It is only as a result of 2015 Johnson's voiding of the residual clause that Diaz could 'reasonably argue that he is no longer eligible for the ACCA enhancement.'" (Decision & Order (Dkt #265) at 13 (quotation and citation omitted)).

**CONCLUSION**

For the foregoing reasons, Respondent's Second Motion for Reconsideration (Dkt #273) is denied in its entirety with prejudice. This matter is immediately transferred to District Judge Richard J. Arcara for resentencing.

**SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   May 9, 2017
         Rochester, New York